IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CELESTIA CHAPMAN**, | |
| **PLAINTIFF**, | CASE NO. 2:20-cv-05009-MHW-KAJ |
| v. | JUDGE MICHAEL WATSON |
| **BRENTLINGER ENTERPRISES**, | MAGISTRATE JUDGE KIMBERLY JOLSON |
| **DEFENDANT**. | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S BILL OF COSTS (ECF NO. 84)**

**I.  INTRODUCTION**

The Court should uphold Plaintiff's Bill of Costs and reject Defendant's arguments to the contrary.  First, all of Plaintiff's costs were necessary for her successful claim under the Consolidated Omnibus Budget Reconciliation Act (COBRA).  Second, cancellation fees for depositions are taxable under binding Sixth Circuit precedent.  Third, Plaintiff is the prevailing party because she won on her COBRA claim.

**II.  LAW AND ARGUMENT**

    **A.  Plaintiff's Costs Were Necessary for Her COBRA Claim**

First, a defendant can defeat a COBRA notification claim by showing that the plaintiff was terminated for "gross misconduct."  *Berry v. Frank's Auto Body Carstar, Inc.*, 817 F.Supp.2d 1037, 1046-47 (S.D. Ohio 2011); 29 U.S.C. § 1163(2) (defining a qualifying event in relevant part as termination of employment "other than by reason of such employee's gross misconduct . . . .").  In this case, Plaintiff served a request for admission on Defendant asking the company to admit that it did not terminate her for "gross misconduct" as that term is defined in

29 U.S.C. § 1163(2). (Def.'s Resp. & Obj. to Pl.'s Req. for Admissions, Req. No. 25, p. 10) (Ex. 1.) In response, Defendant refused to so admit, indicating that it would preserve this argument for possible use on summary judgment or at trial. (*Id.*) As a result, Defendant voluntarily injected this issue into the litigation. That made any discovery concerning the circumstances of Plaintiff's termination relevant to her COBRA claim. This includes all depositions for which Plaintiff seeks costs because they all sought evidence on the reasons for Plaintiff's termination.

Second, when deciding whether deposition transcripts are "necessarily obtained for use in the case" under 28 U.S.C. § 1920(2), "[n]ecessity is determined at the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Colosi v. Jones Lang LaSalles Ams.*, 781 F.3d 293, 295 (6th Cir. 2015) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)). When Plaintiff took all these depositions, or ordered their transcripts, Defendant had refused to disclaim COBRA's termination-for-gross-misconduct exception. The fact that Defendant ultimately did not rely upon the exception when moving for summary judgment does not make the transcripts unnecessary under the Sixth Circuit's standard. Simply put, "necessity" is not determined in hindsight. At that time of these depositions, there is no question that Plaintiff was taking evidence relevant to the COBRA termination-for-gross-misconduct exception alongside her claims under the Family and Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA), and state law. As a result, the costs are taxable.

    **B.    Deposition Cancellation Fees Are Recoverable**

The Sixth Circuit holds that deposition cancellation fees are recoverable under 28 U.S.C. § 1920(2). *Colosi*, 781 F.3d at 295-96 (affirming the district court for taxing deposition cancellation costs) ("[T]his fee was a reasonable addition to the transcription costs incurred . . . ."). As a result, the Court should decline to follow Defendant's citation to a Florida district court

2

case holding the opposite.  While Defendant also claims that it was not at fault for the cancellation of Melissa Church's deposition, that is not true.  Plaintiff's counsel had scheduled the deposition for that day, and defense counsel released the witness on their own *assumption* that there needed to be further "confirmation."  As the e-mail exchange Defendant provided also shows, Plaintiff's counsel waited over an hour, until 11:15a.m., for defense counsel to text Ms. Church and try to get her to the deposition before cancelling it and incurring the fee.  (*See* E-mail Exchange, PAGEID #5769-70, ECF No. 84-1.)  Thus, the cancellation fee is still a taxable charge.  As for Shane Self's cancelled deposition, Defendant attempts to shift the burden to Plaintiff to show it was Defendant's fault, but it made no argument on this issue, thus waiving it.

      C.      **Plaintiff is the Prevailing Party**

First, there is no question Plaintiff obtained a judgment in her favor on her COBRA claim and thus is a "prevailing party."  This is because "the Supreme Court has held that a plaintiff is a 'prevailing party' when he receives 'at least some relief on the merits of his claim,' even nominal damages."  *Andretti v. Borla Performance Indus.*, 426 F.3d 824, 835 (6th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.E.2d 855 (2001).  And this remains true where the plaintiff prevails on just one of several claims.  *See, e.g.*, *Construcciones E Instalaciones Electromecanicas S.A. v. Hi-Vac Corp.*, No. 2:07-cv-234, 2010 U.S. Dist. LEXIS 95756, at *3-4 (S.D. Ohio Sep. 14, 2010) (finding the plaintiff was the "prevailing party" where it won only one of eight claims) ("It is true that [the defendant] successfully defended itself against seven of the eight claims brought against it . . . [but] a judgment enforceable by [the plaintiff] against [the defendant] was entered by the Court . . . ."); *see also Werner v. Bell Family Med. Ctr., Inc.*, No. 3:09-cv-0701, 2012 U.S. Dist. LEXIS 113230, at *13-16 (M.D. Tenn. Aug. 10, 2012) (same where the plaintiff won only

one of five claims); *Balsley v. LFP, Inc.*, No. 1:08-cv-491, 2011 U.S. Dist. LEXIS 40152, at *7-10 (N.D. Ohio Mar. 31, 2011) (same where the plaintiff won only one of seven claims) ("Defendant also argues that it prevailed on six of the seven alleged counts and therefore it is the prevailing party in this lawsuit.  This argument is not well-taken . . . Pursuant to the above standards, Plaintiffs were the prevailing party in the instant case.").  Thus, as Defendant stated, there is a "presumption" that Plaintiff is entitled to her costs.

Second, Defendant contended it is the prevailing party because it won on everything but the COBRA claim.  The company also discounted the significance of the COBRA claim—when Plaintiff secured a five-figure money damages judgment on it—contending that Plaintiff injected "unmeritorious issues."  But all of Defendant's arguments cut both ways.  The Court found that Defendant's primary defense of the COBRA claim was wrong and meritless; the company could not retroactively cancel Plaintiff's health insurance to a date before the qualifying event. That, too, means Defendant injected "unmeritorious issues" since that is the nature of losing on a claim.  And, as the company contends, "liability for costs is a normal incident of defeat," thus Defendant should face Plaintiff's costs for prevailing on the COBRA claim.  Assessing costs against Plaintiff, and denying her any of her costs, when she ultimately secured a money judgment on at least one claim would be an odd result.  At worst, both parties are prevailing parties with costs that offset each other.  *See, e.g.*, *Balsley v. LFP, Inc.*, 691 F.3d 747, 771-72 (6th Cir. 2012) (finding no "overall" prevailing party and that both parties were "prevailing parties" on their respective claims when they both prevailed and lost on claims).

### III. CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court uphold Plaintiff's Bill of Costs in full and reject Defendant's arguments to the contrary.

4

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619), Trial Attorney
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 200
Hilliard, Ohio 43026
Telephone: (614) 586-7900
Facsimile: (614) 586-7901
jstarling@willisattorneys.com

*Attorneys for Plaintiff Celestia Chapman*

## CERTIFICATE OF SERVICE

I certify that, on August 25, 2023, I caused a copy of this document and any attachments to be filed with the Clerk of Courts via the Court's electronic filing system, which will provide notice and a copy of the filing all counsel of record.

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)

5