# EXHIBIT 1

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S BILL OF COSTS (ECF NO. 84)**

*Chapman v. Brentlinger Enterprises*,
Case No. 2:20-cv-05009-MHW-KAJ, United States District Court for the Southern District of Ohio, Eastern Division

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CELESTIA CHAPMAN**, | |
| **PLAINTIFF**, | CASE NO. 2:20-cv-05009-MHW-KAJ |
| v. | JUDGE WATSON |
| **BRENTLINGER ENTERPRISES**, | MAGISTRATE JUDGE JOLSON |
| **DEFENDANT**. | |

**DEFENDANT BRENTLINGER ENTERPRISES' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
DIRECTED TO DEFENDANT BRENTLINGER ENTERPRISES**

Defendant Brentlinger Enterprises, by and through undersigned counsel, provides the following in response to *Plaintiff's First Set of Requests for Admissions*, pursuant to Fed.R.Civ.P. 26 and 36 and the definitions set forth below.

**DEFINITIONS**

     A.    The terms "Plaintiff" or "Ms. Chapman" mean Plaintiff Celestia Chapman in this action and all of Plaintiff Celestia Chapman's agents or other representatives of whatever capacity.

     B.    The terms "you," "your," "yours," and "Defendant Brentlinger" mean the following: (a) Defendant Brentlinger Enterprises, its parent, subsidiary, or affiliated entities; and (b) any agents or other representatives of whatever capacity of Defendant Brentlinger Enterprises, and its parent, subsidiary, or affiliated entities.

     C.    The terms "person" or "persons" mean any natural person, corporation, limited liability company, partnership, unincorporated association, estate, trust, or other business or non-profit entity, and any federal governmental entity, state governmental entity, local governmental entity, or other governmental entity.

     D.    Use of "each," "any," and "all" anywhere in this document includes both the singular and plural.

     E.    Use of "and" and "or" anywhere in this document includes both the conjunctive and the disjunctive.

1

F. Unless otherwise stated, each Request covers the entire time period extending from the date you first began conducting business through the present (the "Relevant Period"). The answer to each Request shall include all information or documents relating to the Relevant Period, whether prepared before, during, or after the Relevant Period. Each Request, unless otherwise stated, refers to the entire Relevant Period whether expressed in the present tense or otherwise. If any change took place during the Relevant Period with respect to any of the information or documents requested, the date and nature of such change should be contained in your answer.

**General objections applicable to all responses:**

**To the extent Plaintiff attempts to impose duties on Defendant that exceed the duties set forth in the Federal Rules of Civil Procedure, Defendant objects and, without waiving this objection, responds in accordance with the duties set forth in the Federal Rules of Civil Procedure.**

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**: Admit that, beginning on May 21, 2019, Plaintiff had been employed by you for at least twelve months.

**ANSWER**: Admit.

**REQUEST NO. 2**: Admit that, beginning on May 21, 2019, and continuing every day thereafter until the end of her employment with you, Plaintiff had worked at least 1,250 hours for you within the previous twelve-month period.

**ANSWER**: Admit.

**REQUEST NO. 3**: Admit that, during the time Plaintiff was employed by you, Plaintiff was employed at a worksite of yours that employed 50 or more employees.

**ANSWER**: Admit.

2

**REQUEST NO. 4**:  Admit that, beginning on May 21, 2019, Plaintiff became an "eligible employee" of yours within the meaning of 29 U.S.C. § 2611(2).

**ANSWER**:  Admit.

**REQUEST NO. 5**:  Admit that, during the time Plaintiff was employed by you, she was your "employee" within the meaning of 42 U.S.C. § 12111(4).

**ANSWER**:  Admit.

**REQUEST NO. 6**:  Admit that, during the time Plaintiff was employed by you, you employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

**ANSWER**:  Admit.

**REQUEST NO. 7**:  Admit that, during the time Plaintiff was employed by you, you were an "employer" within the meaning of 29 U.S.C. § 2611(2).

**ANSWER:  Defendant denies because the term "employer" is not defined in 29 U.S.C. § 2611(2).  Defendant admits that, during the time Plaintiff was employed by Defendant, it was an "employer" as that term is defined in 29 U.S.C. § 2611 (4).**

**REQUEST NO. 8**:  Admit that, during the time Plaintiff was employed by you, you had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

**ANSWER: Admit.**

3

**REQUEST NO. 9**: Admit that, during the time Plaintiff was employed by you, you were an "employer" within the meaning of 42 U.S.C. § 12111(5).

**ANSWER: Admit.**

**REQUEST NO. 10**: Admit that, during the time Plaintiff was employed by you, you were a "covered entity" within the meaning of 42 U.S.C. § 12111(2).

**ANSWER: Admit.**

**REQUEST NO. 11**: Admit that, during the time Plaintiff was employed by you, Plaintiff's sister Sharon Edmonson suffered from cancer.

**ANSWER: Defendant denies Plaintiff's sister was named Sharon Edmonson. After a reasonable inquiry and based upon information known to Defendant or readily available to Defendant, Defendant lacks knowledge sufficient to admit or deny whether Plaintiff's sister, Sharon Edmondson, suffered from cancer throughout the entirety of Plaintiff's employment by Defendant. Defendant admits that at some point during Plaintiff's employment by Defendant, Plaintiff's sister, Sharon Edmondson, suffered from cancer.**

**REQUEST NO. 12**: Admit that, during the time Plaintiff was employed by you, Plaintiff's sister Sharon Edmonson suffered from cancer that was a "serious health condition" within the meaning of 29 U.S.C. § 2611(11).

**ANSWER: Defendant denies Plaintiff's sister was named Sharon Edmonson. After a reasonable inquiry and based upon information known to Defendant or readily available to Defendant, Defendant lacks knowledge sufficient to admit or deny whether Plaintiff's**

sister, Sharon Edmondson, suffered from cancer throughout the entirety of Plaintiff's employment by Defendant. Defendant admits that at some point during Plaintiff's employment by Defendant, Plaintiff's sister, Sharon Edmondson, suffered from cancer. Defendant admits cancer constitutes a "serious health condition" as that term is defined in 29 U.S.C. § 2611(11).

**REQUEST NO. 13**: Admit that, during the time Plaintiff was employed by you, Plaintiff's sister Sharon Edmonson suffered from cancer that was a mental or physical disability that made her incapable of self-care within the meaning of 29 U.S.C. § 2611(12)(B).

**ANSWER**: Objection. Plaintiff's adult sibling, Sharon Edmondson, was not a son or daughter of Plaintiff, therefore this request exceeds the scope of Fed.R.Civ.P. 26 because it is not relevant to any claim or defense in this case.

Without waiving its objections and in the interest of cooperating with the discovery process, Defendant denies Plaintiff's sister was named Sharon Edmonson. After a reasonable inquiry and based upon information known to Defendant or readily available to Defendant, Defendant lacks knowledge sufficient to admit or deny whether Plaintiff's sister, Sharon Edmondson, suffered from cancer throughout the entirety of Plaintiff's employment by Defendant. After a reasonable inquiry and based upon information known to Defendant or readily available to Defendant, Defendant lacks knowledge sufficient knowledge regarding the condition of Plaintiff's sister to admit or deny whether, and for what period of time, she may have been incapable of self-care as that term is used in 29 U.S.C. § 2611(12)(B).

**REQUEST NO. 14**:  Admit that, during the time Plaintiff was employed by you, Plaintiff became the *in loco parentis* parent to her sister Sharon Edmonson within the meaning of 29 U.S.C. § 2611(12)(B).

**ANSWER: Deny.**

**REQUEST NO. 15**:  Admit that, during the time Plaintiff was employed by you, Plaintiff's sister Sharon Edmonson suffered from cancer that substantially limited her in one or more of the following major life activities: caring for oneself, performing manual tasks, eating, walking, standing, lifting, bending, normal cell growth, bowel system, and/or bladder system.

**ANSWER: Defendant denies Plaintiff's sister was named Sharon Edmonson.  After a reasonable inquiry and based upon information known to Defendant or readily available to Defendant, Defendant lacks knowledge sufficient to admit or deny whether Plaintiff's sister, Sharon Edmondson, suffered from cancer throughout the entirety of Plaintiff's employment by Defendant.  After a reasonable inquiry and based upon information known to Defendant or readily available to Defendant, Defendant lacks knowledge sufficient knowledge regarding the condition of Plaintiff's sister to admit or deny whether, and for what period of time, she may have been substantially limited in her ability to perform the major life activities set forth in this request.**

**REQUEST NO. 16**:  Admit that, during the time Plaintiff was employed by you, Plaintiff's sister Sharon Edmonson suffered from cancer that was a "disability" within the meaning of 42 U.S.C. § 12102(1)(A).

6

**ANSWER**: **Defendant denies Plaintiff's sister was named Sharon Edmonson. After a reasonable inquiry and based upon information known to Defendant or readily available to Defendant, Defendant lacks knowledge sufficient to admit or deny whether Plaintiff's sister, Sharon Edmondson, suffered from cancer throughout the entirety of Plaintiff's employment by Defendant. Defendant admits that at some point during Plaintiff's employment by Defendant, Plaintiff's sister, Sharon Edmondson, suffered from cancer. Defendant admits cancer qualifies as a "disability" within the meaning of the term "disability" as defined in 42 U.S.C. § 12102(1)(A).**

**REQUEST NO. 17**: Admit that, during the time Plaintiff was employed by you, Plaintiff's sister Sharon Edmonson suffered from cancer that was a "disability" within the meaning of Ohio Revised Code § 4112.01(A)(13).

**ANSWER**: **Defendant denies Plaintiff's sister was named Sharon Edmonson. After a reasonable inquiry and based upon information known to Defendant or readily available to Defendant, Defendant lacks knowledge sufficient to admit or deny whether Plaintiff's sister, Sharon Edmondson, suffered from cancer throughout the entirety of Plaintiff's employment by Defendant. Defendant admits that at some point during Plaintiff's employment by Defendant, Plaintiff's sister, Sharon Edmondson, suffered from cancer. Defendant admits cancer qualifies as a "disability" within the meaning of the term "disability" as defined in R.C. § 4112.01(A)(13).**

**REQUEST NO. 18**:  Admit that, during the time Plaintiff was employed by you, Plaintiff was eligible to enroll in your medical, dental, and vision benefits plans identified in response to Interrogatory No. 16 in Plaintiff's First Set of Interrogatories Directed to You.

**ANSWER:  Defendant admits Plaintiff was eligible to enroll in medical, dental, and vision benefit plans during certain periods of Plaintiff's employment by Defendant.**

**REQUEST NO. 19**:  Admit that, for the 2019 open enrollment period, Plaintiff timely enrolled in your medical, dental, and vision benefits plans identified in response to Interrogatory No. 16 in Plaintiff's First Set of Interrogatories Directed to You.

**ANSWER:  Deny Plaintiff enrolled in the dental or vision benefits plan timely during the 2019 open enrollment period.  Admit Plaintiff enrolled in the medical benefits plan timely during the 2019 open enrollment period.**

**REQUEST NO. 20**:  Admit that, for your medical, dental, and vision benefits plans identified in response to Interrogatory No. 16 in Plaintiff's First Set of Interrogatories Directed to You and in which Plaintiff enrolled, insurance coverage began on 12:01a.m. on July 1, 2019 following the 2019 open enrollment period.

**ANSWER:  Deny because Plaintiff failed to make the requisite premium payment.**

**REQUEST NO. 21**:  Admit that, for your medical, dental, and vision benefits plans identified in response to Interrogatory No. 16 in Plaintiff's First Set of Interrogatories Directed to You and in which Plaintiff enrolled, premiums were deducted from employee paychecks on a pretax basis.

**ANSWER**:  Defendant admits it deducted premiums owed by employees enrolled in medical, dental, and vision benefit plans from the employees' paychecks on a pre-tax basis; however, Defendant denies Plaintiff paid the requisite premiums for her 2019 enrollment in the medical benefits plan.

**REQUEST NO. 22**:  Admit that, for any plan identified in response to Interrogatory No. 16 in Plaintiff's First Set of Interrogatories Directed to You and in which Plaintiff enrolled, you never provided Plaintiff any notice of her right to continue participation after a qualifying event as provided by 29 U.S.C. § 1166.

**ANSWER**:  Defendant denies it failed to provide any notices it was required to provide to Plaintiff under 29 U.S.C. § 1166.  Defendant denies Plaintiff was a "covered employee" or a "qualified beneficiary" at the time of her termination and, therefore, Defendant was not required to provide and did not provide Plaintiff with any notice pursuant to 29 U.S.C. § 1166.

**REQUEST NO. 23**:  Admit that Plaintiff never resigned her employment with you.

**ANSWER**:  Objection.  To the extent the term "resigned" is not defined, this request is ambiguous and, therefore, exceeds the scope of Fed.R.Civ.P. 36.

**Without waiving its objections and in the interest of cooperating with the discovery process, Defendant denies to the extent Plaintiff's failure to report to work could be considered a resignation or abandonment of her position.  Defendant does admit Plaintiff**

9

**failed to report to work on the first day of her modified schedule and was terminated but advised to contact Defendant when she was available to return to work.**

**REQUEST NO. 24**:  Admit that you terminated Plaintiff's employment with you.

**ANSWER: Admit.**

**REQUEST NO. 25**:  Admit that you did not terminate Plaintiff's employment for "gross misconduct" as the term is used in 29 U.S.C. § 1163(2).

**ANSWER: Deny.**

As to objections:

*/s/ Christine M. Duraney*
Christine M. Duraney (0093358)

        Respectfully submitted,

        */s/ Christine M. Duraney*
        Christine M. Duraney
        140 East Town Street, Suite 1015
        Columbus, Ohio 43215
        Telephone: (614) 716-0984
        Facsimile: (614) 228-8844
        christine_duraney@staffdefense.com
        *Counsel for Brentlinger Enterprises*

**CERTIFICATE OF SERVICE**

The undersigned certifies a true and accurate copy of the foregoing was served upon all parties listed below via electronic mail on this the 15th day of March, 2021:

| | |
|---|---|
| Jason E. Starling | Sonia T. Walker |
| Kevin R. Kelleher | Calig Law Firm, LLC |
| Willis Spangler Starling | 513 East Rich Street, Suite 210 |
| 4635 Trueman Boulevard, Suite 100 | Columbus, OH 43215 |
| Hilliard, OH 43026 | swalker@caliglaw.com |
| jstarling@willisattorneys.com | *Attorneys for Plaintiff Celestia Chapman* |
| kkelleher@willisattorneys.com | |
| *Attorneys for Plaintiff Celestia Chapman* | |

                                                      */s/ Christine M. Duraney*
                                                      Christine M. Duraney (0093358)